127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David H. IDE, Petitioner-Appellant,
v.
Chase RIVELAND, Secretary and Chief Executive Officer,
Washington State Department of Corrections,
Respondent-Appellee.
 No. 97-35251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David H. Ide, a Washington state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 100 (9th Cir.1995), and affirm.
 
 1. Volluntariness of Confession
 
 3
 Ide contends that the district court erred by denying habeas relief because he was coerced into confessing to the location of the victim's body. This contention lacks merit.
 
 
 4
 The state court's determination that Ide confessed voluntarily is reviewed de novo, while the state court's factual determinations underlying the finding of voluntariness are presumed correct under section 2254(d). See Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc). In determining the voluntariness of a confession, we must determine "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc) (quoting Miller v. Fenton, 474 U.S. 104, 112 (1985)). "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990). "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary' within the meaning of the Due Process Clause [.]" Colorado v. Connelly, 479 U.S. 157, 167 (1986).
 
 
 5
 Here, the state court found that Ide knowingly and intelligently waived his Miranda[1] rights twice before he led the police to the location of the victim's body. Ide does not challenge this finding. Rather, Ide contends that his confession was involuntary because he had not slept or eaten for several hours when an interrogating officer gave him a "Christian burial speech." We conclude under the totality of the circumstances that the police did not engage in coercive activity by asking Ide to lead them to the victim's body, and that Ide voluntarily agreed to do so in exchange for the right to talk to his girlfriend. See Collazo, 940 F.2d at 415.[2]
 
 II. Improper Miranda Advisement
 
 6
 Ide also contends he is entitled to habeas relief because statements obtained after he was misadvised of his right to an attorney in violation of Miranda were admitted at trial, and the error was not harmless. This contention lacks merit.
 
 
 7
 The Fifth and Fourteenth Amendment rights against compulsory self-incrimination mandate that prior to custodial interrogation, a suspect must be advised that he has the right to remain silent, that any statement he makes may be used against him, and that he has a right to the presence of an attorney. See Miranda, 384 U.S. at 444. Such advisement "must make it clear to a suspect that he has the right to talk to an attorney before questioning and to have that attorney present during the interrogation." Pope v. Zenon, 69 F.3d 1018, 1023 (9th Cir.1996) (italics omitted) Custodial confessions obtained without such advisement are inadmissible against the suspect in a criminal trial. See Miranda, 384 U.S. at 479. Error in admitting statements obtained in violation of Miranda is deemed harmless for purposes of federal habeas review unless the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also Pope, 69 F.3d at 1025 (admission of evidence obtained in violation of Miranda subject to harmless error)
 
 
 8
 Here, when the police sought to further interrogate Ide after he had revealed the location of her body, Ide was misadvised of his right to a have an attorney present immediately when, in response to Ide's statement that he could not afford an attorney, he was told "you will have an attorney appointed for you at the time you're ready to go to court." However, Ide had already admitted to killing the victim and had led police to the location of the victim's body. The victim's blood was found in Ide's residence where the murder occurred, in the trunk of his car where the body was placed, and on his clothing. Furthermore, forensic evidence established that three of the four bullets recovered from the victim came from Ide's .22 caliber rifle. Because we cannot conclude that the admitted statement had substantial and injurious effect or influence in determining the jury's verdict, any error in admitting the statement was harmless. See Brecht, 507 U.S. 637.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Ide contends that Brewer v. Williams, 430 U.S. 387 (1977), stands for the proposition that a "Christian burial speech" is coercive. However, the Brewer court expressly declined to address the issue of voluntariness because it found that the defendant was interrogated in violation of his Sixth Amendment right to counsel. See id. at 397. Because Ide's Sixth Amendment right to counsel is not at issue here, Brewer is inapposite